IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| ARTHUR HAIRSTON, | * | |
| Plaintiff, | * | |
| v. | * | Case No. 1:23-cv-03455-SAG |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, the Social Security Administration ("SSA" or the "Agency"), "Ms. Martin," Melissa Feldhan, and former SSA Commissioner Andrew Saul (collectively, "Defendants"), by and through undersigned counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Megan L. Micco, Assistant United States Attorney for that District, oppose the "Motion for Summary Judgment and Statement of Material Facts Pursuant to F. R. Civ. P. Rule 56" (the "Motion") (ECF No. 11) filed by *pro se* Plaintiff Arthur Hairston ("Plaintiff"), and state as follows:

I.  **INTRODUCTION**

On December 20, 2023, Plaintiff filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, alleging that the SSA refused to provide him with "an original copy of [his Benefits Planning Query ("BPQY")]."[1] ECF No. 1 at 1–2. On January 22,

---

[1] As explained in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, Plaintiff's claim is governed by the Privacy Act, not the FOIA, because Plaintiff requested records from his own claim file maintained by the SSA. *See* ECF No. 9 at 8; *see also* 20 C.F.R. § 401.15(b) ("Requesting your own records. If you are an individual and request records, then to the extent

2024, the United States Attorney's Office for the District of Maryland was served with Plaintiff's Complaint. ECF No. 7 at 10–12. Pursuant to 5 U.S.C. § 552(a)(4)(C), Defendants' deadline to respond to the Complaint was thirty (30) days after service, *i.e.*, on or before February 21, 2024. On February 21, 2024, Defendants timely filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, *see generally* ECF No. 9, which is incorporated by reference herein, and Defendants' undersigned counsel placed a courtesy copy of the pleading in the mail to Plaintiff on that date, *see id.* at 3. On February 22, 2024, Plaintiff filed the instant Motion, which requests entry of summary judgment in his favor. ECF No. 11. Plaintiff's Motion is not only premised on inaccurate assertions stating that Defendants did not respond to the Complaint, *id.* at 1, but the "undisputed material facts" set forth by Plaintiff demonstrate that his claim is moot because, as he concedes, on February 13, 2024, the SSA notified Plaintiff that it no longer maintains the original BPQY and award notice that he requested and provided Plaintiff with the most recent copy of his BPQY, *id.* at 2. As such, the Agency has complied with Plaintiff's request and provided Plaintiff with all available records responsive to the request. Accordingly, the Court should deny Plaintiff's Motion and, instead, should grant Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 9).

II.   **ARGUMENT**

   A.   <u>**Defendants Timely Responded to Plaintiff's Complaint.**</u>

In the Motion, Plaintiff avers that "[t]he [D]efendants have not officially responded" to his Complaint and "no one has entered an appearance in defense of this matter." ECF No. 11 at 1. Plaintiff is simply incorrect. As noted above, 5 U.S.C. § 552(a)(4)(C) provides that "the defendant shall serve an answer or otherwise plead to any complaint made under this subsection within thirty

---

you are requesting your own records in a system of records, we will handle your request under the Privacy Act.").

2

days after service upon the defendant or the pleading in which such complaint is made, unless the court otherwise directs for good cause shown." 5 U.S.C. § 552(a)(4)(C). Here, the United States Attorney's Office for the District of Maryland was served with Plaintiff's Complaint on January 22, 2024.[2] ECF No. 7 at 10–12. Thus, Defendants' deadline to respond to Plaintiff's Complaint was on or before February 21, 2024. On that date, February 21, 2024, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, *see generally* ECF No. 9, and a courtesy copy was placed in the mail to Plaintiff that day, *id.* at 3. Accordingly, contrary to Plaintiff's incorrect assertions, Defendants responded to Plaintiff's Complaint, and they did so timely. To the extent Plaintiff's Motion seeks entry of summary judgment in his favor on the ground that Defendants purportedly did not respond to the Complaint, *see* ECF No. 11 at 1, the Motion fails and must be denied.

      **B.**     **The "Undisputed Material Facts" Set Forth by Plaintiff Demonstrate That His Claim Is Moot.**

According to Plaintiff, several "undisputed material facts" support entry of summary judgment in his favor: (1) Plaintiff requested the original BPQY as early as April 20, 2020; (2) an April 20, 2020 document that the SSA sent to Plaintiff provided information regarding Plaintiff's Social Security benefits, noted that Plaintiff "has been receiving disability since 1991," and indicated that Plaintiff was not due for a medical review in the next five (5) to seven (7) years; and (3) on February 13, 2024, the SSA notified Plaintiff that it no longer maintains the original BPQY or award notice that he requested and provided Plaintiff with the most recent copy of his BPQY. *See* ECF No. 11 at 1–2; *see also* ECF Nos. 11-1, 11-2. But, contrary to Plaintiff's assertion that

---

[2] The SSA and the individual Defendants, Ms. Martin, Melissa Feldhan, and former SSA Commissioner Andrew Saul, were served on January 23, 2024. *See* ECF No. 7 at 1–9. However, because the SSA is a United States agency and the individual Defendants are or were United States officers and employees, their deadline to respond to Plaintiff's Complaint is calculated from the date of service on the United States Attorney. *See* Fed. R. Civ. P. 12(a)(2).

these undisputed facts warrant the entry of summary judgment in his favor, such facts actually demonstrate that Plaintiff is *not* entitled to summary judgment because they show that the SSA has complied with Plaintiff's request and provided him with all available records responsive to the request, which renders his claim moot.  *See* ECF No. 11-1.

As Plaintiff acknowledges in his Motion, the Agency's February 13, 2024 letter advised Plaintiff that the original BPQY and award letter are no longer maintained (*i.e.*, do not exist) within the Agency's records and enclosed a copy of Plaintiff's most recent BPQY.  *See* ECF No. 11 at 2; ECF No. 11-1.  Although Plaintiff asserts throughout his Motion that he "did not ask [the] SSA . . . if they maintained the original BPQY or award notice" and continues to demand that the SSA "provide [him] with the requested original BPQY award letter," ECF No. 11 at 2–3, he fails to appreciate that the SSA has expressly advised him that it does not possess these documents any longer and that the SSA cannot provide something that simply does not exist.  Because the Agency's February 13, 2024 letter provided Plaintiff with all available records responsive to his request and informed Plaintiff that the original BPQY and award letter do not exist in the Agency's records, the undisputed material facts set forth in Plaintiff's Motion demonstrate that Plaintiff has received all of the relief he sought to obtain through this action and his claim is moot.  *See, e.g.*, *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *Biondo v. Dep't of Navy*, 928 F. Supp. 626, 631 (D.S.C. 1995), *aff'd*, 86 F.3d 1148 (4th Cir. 1996) (concluding that the Privacy Act access action was moot because the Court had "already ordered full access to the records to the extent practicable"); *see also* ECF No. 9-1 at 12–14.[3]

---

[3] In addition to the February 13, 2024 letter, other undisputed material facts outlined in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment further demonstrate that Plaintiff's claim is moot because they show that the SSA has complied with and provided

**C.    Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment Should Be Granted.**

Given that the undisputed material facts set forth by Plaintiff in his own Motion demonstrate that he is not entitled to summary judgment, and because Plaintiff's purported FOIA claim is improper, his Complaint improperly names Agency employees as defendants, the Court lacks subject-matter jurisdiction over this action due to Plaintiff's failure to exhaust his administrative remedies, and his claim is moot, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment should be granted for all of the reasons set forth therein. *See* ECF Nos. 9, 9-1.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion and, instead, should grant Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 9).

Dated:  March 7, 2024                                                                Respectfully submitted,

   Erek L. Barron
   United States Attorney

By:    /s/ Megan L. Micco
   Megan L. Micco (Bar No. 20936)
   Assistant United States Attorney
   U.S. Attorney's Office, District of Maryland
   36 S. Charles Street, Suite 400
   Baltimore, Maryland  21201
   Telephone: (410) 209-4800
   Megan.Micco@usdoj.gov

   *Counsel for Defendants*

---

documents and information responsive to Plaintiff's request on numerous prior occasions, including on June 15, 2022 and July 20, 2022. *See* ECF No. 9-1 at 2–5, 12–14. In particular, in response to Plaintiff's request for documentation stating that he was no longer subject to "BPQY medical exams," the July 20, 2022 letters that the SSA provided to Plaintiff specified that he was no longer subject to such medical reviews. *See* ECF No. 9-3 at 6–8.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March, 2024, I caused a copy of the foregoing Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment and all supporting documents, to be mailed, first class, postage prepaid, to:

Arthur Hairston
521 West Race Street
Martinsburg, West Virginia  25401

*Pro se Plaintiff*

                                                */s/  Megan L. Micco*
                                                Megan L. Micco (Bar No. 20936)
                                                Assistant United States Attorney