IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ARTHUR HAIRSTON, | * |
| Plaintiff, | * |
| v. | * Case No. 1:23-cv-03455-SAG |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**REPLY IN SUPPORT OF DEFENDANTS' MOTION
TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, the Social Security Administration ("SSA" or the "Agency"), "Ms. Martin," Melissa Feldhan, and former SSA Commissioner Andrew Saul (collectively, "Defendants"), by and through undersigned counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Megan L. Micco, Assistant United States Attorney for that District, submit this Reply in support of their Motion to Dismiss or, in the Alternative, for Summary Judgment (the "Motion") (ECF No. 9) and in response to Plaintiff Arthur Hairston's "Response to the Defendants['] Motion to Dismiss or in the Alternative for Summary Judgment and Petitioner's Motion for Summary Judgment and Statement of Material Facts Pursuant to F. R. Civ. P. Rule 56" (the "Opposition") (ECF No. 13).

I.   **INTRODUCTION**

Just as Plaintiff's Complaint fails for the reasons outlined in Defendants' Motion, Plaintiff's Opposition further demonstrates that his claim lacks merit. Rather than assert facts or present evidence demonstrating the plausibility of his claim or address the arguments Defendants make in the Motion, Plaintiff's Opposition merely continues to demand that the Agency provide

him with his "original SSA award letter and [Benefits Planning Query ("BPQY")] from his file"—documents that the SSA has repeatedly advised Plaintiff no longer exist. In addition to the evidence presented by Defendants in the Motion, Plaintiff's Opposition also alleges "undisputed material facts" and attaches documents from the SSA which further demonstrate that his claim is moot because, as those "facts" and documents reflect, on February 13, 2024, the SSA notified Plaintiff that it no longer maintains the original BPQY and award notice that he requested and provided Plaintiff with the most recent copy of his BPQY. As such, both Defendants' and Plaintiff's evidence demonstrates that the Agency has complied with Plaintiff's request and provided Plaintiff with all available records responsive to the request.

For these reasons, and as Defendants explain below and in the Motion, the Court should dismiss "Ms. Martin," Melissa Feldhan, and former SSA Commissioner Andrew Saul from this action and should further dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted or, in the alternative, enter summary judgment in favor of the Agency and against Plaintiff.

## II.     ARGUMENT

### A.     **Plaintiff Concedes That His Claim Is Governed by the Privacy Act, Not the Freedom of Information Act ("FOIA"), and That the Agency Is the Only Proper Defendant in the Case.**

In the Motion, Defendants contend that Plaintiff's claim is governed by the Privacy Act, 5 U.S.C. § 552a, because Plaintiff requested records from his own claim file and those records are maintained in the Agency system of records, and that claims pursuant to such Act lie only against a federal agency, rather than individuals, such that the Agency is the only proper defendant in this case. ECF No. 9-1 at 8–10. In the Opposition, Plaintiff wholly fails to address these arguments. *See generally* ECF No. 13. Accordingly, he has conceded these points. *See, e.g.*, *Stenlund v. Marriott Int'l, Inc.*, 172 F. Supp. 3d 874, 887 (D. Md. 2016) ("In failing to respond to this

2

argument, Plaintiff concedes the point."); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (dismissing claim where plaintiff failed to respond to defendant's argument). Even if Plaintiff had addressed Defendants' arguments on these points, the plain language of the Agency's FOIA regulations demonstrates that Plaintiff's claim is governed by the Privacy Act, and the plain language of the Privacy Act demonstrates that the individual Defendants in this case must be dismissed because the Agency is the only proper defendant. 20 C.F.R. § 402.15(b); 5 U.S.C. § 552a.

**B.** **Plaintiff's Opposition Further Demonstrates That This Court Lacks Subject-Matter Jurisdiction Over Plaintiff's Claim Because He Failed to Exhaust His Administrative Remedies.**

In the Opposition, Plaintiff asserts that Defendants' argument concerning lack of subject-matter jurisdiction due to failure to exhaust administrative remedies is "without merit" pursuant to *Fort Bend Cty., Tex. v. Davis*, 587 U.S. __, 139 S. Ct. 1843 (2019). ECF No. 13 at 3–4. Plaintiff quotes portions of the syllabus from the *Davis* opinion, rather than the opinion itself, and appears to argue or suggest that Defendants did not timely raise their argument concerning administrative exhaustion. *See id.*; *see also Davis*, 587 U.S. __, 139 S. Ct. at 1844. *Davis* is inapposite to the case at hand, Plaintiff's reliance on such case is misplaced, and his argument is simply unavailing.

In *Davis*, a case brought pursuant to Title VII of the Civil Rights Act of 1964 concerning alleged religious discrimination and retaliation, the Supreme Court held that Title VII's charge-filing requirement was not jurisdictional, but rather, was a claim-processing rule that was subject to forfeiture if not raised timely. 587 U.S. __, 139 S. Ct. at 1846. There, applying that holding, the Supreme Court determined that Fort Bend County, which only first asserted a lack of jurisdiction argument concerning the Title VII charge-filing requirement after several years of litigation, had forfeited the argument for failing to timely raise it. *Id.* at 1848–52. Here, although

3

Plaintiff makes vague references to Title VII in the Opposition,[1] ECF No. 13 at 2–3, 5, it is indisputable that Plaintiff intended to and did bring his claim under the FOIA, *see* ECF No. 1 (referencing a violation of the Freedom of Information Act, 5 U.S.C. § 552 in the caption); ECF No. 13 (same). Thus, *Davis* and the precedent it set concerning Title VII's charge-filing requirement has no bearing on this case whatsoever, and Plaintiff's attempt to rely on language from the *Davis* syllabus is hopelessly misplaced. Furthermore, even if *Davis* was germane to the instant case, unlike Fort Bend County, Defendants raised their jurisdictional argument in their very first pleading, which was timely filed with this Court on February 21, 2024. *See* ECF Nos. 9, 9-1; *see also* ECF No. 12 at 2–3 (explaining that Defendants timely responded to Plaintiff's Complaint).

As explained in the Motion, and unlike Title VII's charge-filing requirement at issue in *Davis*, causes of action pursuant to 5 U.S.C. § 522a(g)(1)(A) and (B) of the Privacy Act, which concern an individual's records, incorporate jurisdictional exhaustion requirements. *See Lewis v. Dep't of the Treasury*, No. TDC-20-0494, 2021 WL 4290635, at *5 (D. Md. Sept. 21, 2021); *see also Pollack v. Dep't of Justice*, 49 F.3d 115, 117 n.1 (4th Cir. 1995) (stating that an individual's Privacy Act claim "was not properly before the district court" because the individual "did not first exhaust administrative remedies provided under the Privacy Act"). "For such causes of action, an individual 'must initially seek an amendment or access from the agency and even seek review

---

[1] To the extent Plaintiff intended to assert a Title VII claim by way of these vague references, such attempt fails. First, Plaintiff's Complaint does not reference Title VII, *see* ECF No. 1, and "[b]riefs in opposition to a dispositive motion may not be used to amend a complaint or add new claims," *Calloway v. Moubarek*, No. GLR-20-1953, 2020 WL 7027449, at *3 n.6 (D. Md. Nov. 30, 2020) (citing *Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) (stating that a plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Moreover, Plaintiff could not assert a Title VII claim against the Agency or the individual Defendants because Plaintiff does not allege that he was employed by the Agency or the individual Defendants, *see* ECF No. 1, nor was he. *See* 42 U.S.C. § 2000e-2(a) (proscribing discrimination in employment on the basis of race, color, religion, sex, or national origin).

within the agency before coming to court.'" *Lewis*, 2021 WL 4290635, at *5 (quoting *Haase v. Sessions*, 893 F.2d 370, 373 (D.C. Cir. 1990)). Here, as discussed in the Motion, the Agency's Privacy Act regulations outline the procedure for appealing a denial of access by the SSA under the Privacy Act. 20 C.F.R. § 401.70(c). Plaintiff neither alleges in his Complaint nor his Opposition that he filed an appeal of a Privacy Act access denial or a FOIA denial with the Agency, *see* ECF Nos. 1, 13, and, indeed, he did not, because a thorough search of the Agency's Office of Privacy and Disclosure's ("OPD") FOIAXpress system, which maintains all Privacy Act and FOIA requests received by the OPD and tracks all Privacy Act and FOIA appeals filed with the OPD, using the search term "Hairston" demonstrated that Plaintiff did not and has not filed any such appeals, *see* ECF No. 9-4 at ¶¶ 6, 13. Accordingly, Plaintiff did not exhaust his administrative remedies prior to filing this action, and the Court lacks subject-matter jurisdiction over Plaintiff's claim as a result.

        C.    **The Evidence Presented By Defendants and Plaintiff Demonstrates That Plaintiff's Claim Is Moot.**

In the Motion, Defendants explain in detail how the Agency complied with and provided documents responsive to Plaintiff's request on numerous occasions, including as recently as February 13, 2024, when the SSA mailed Plaintiff a copy of his current BQPY and informed Plaintiff that his original BPQY and award letter are no longer maintained by the Agency, consistent with Federal records retention requirements, and attached documents and declarations demonstrating the Agency's repeated compliance with Plaintiff's request. *See* ECF No. 9-1 at 12–14; *see also* ECF Nos. 9-3, 9-4, 9-5, 9-6.

In the Opposition, Plaintiff neither disputes the facts and evidence provided by Defendants demonstrating their compliance with his request, nor does he proffer any facts or evidence of his own to rebut Defendants' assertions. *See generally* ECF No. 13. In fact, Plaintiff's Opposition

5

acknowledges that, on February 13, 2024, the Agency sent him correspondence, including a copy of his current BPQY, and attaches that correspondence with the BPQY. *See* ECF Nos. 13 at 4–5, 13-4. Although Plaintiff now makes unsupported, conclusory assertions in the Opposition that the Agency has "arbitrarily changed the original 5-7 years medical review" to deny Plaintiff rights, *see* ECF No. 13 at 4–5, which assertions were not raised in the Complaint, cannot be used to retroactively amend it, and, in any event, are patently false, the "undisputed material facts" Plaintiff alleges and the documents he attaches concerning the SSA's February 13, 2024 correspondence demonstrate that the Agency provided Plaintiff with all available records responsive to his request and informed Plaintiff that the original BPQY and award letter do not exist in the Agency's records. *See* ECF Nos. 13 at 4–5, 13-4. Thus, the evidence presented by Defendants and Plaintiff demonstrates that Plaintiff has received all of the relief he sought to obtain through this action and his claim is moot. *See, e.g.*, *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *Biondo v. Dep't of Navy*, 928 F. Supp. 626, 631 (D.S.C. 1995), *aff'd*, 86 F.3d 1148 (4th Cir. 1996) (concluding that the Privacy Act access action was moot because the Court had "already ordered full access to the records to the extent practicable").

### D.      Plaintiff Is Not Entitled to Summary Judgment.

Despite the fact that Plaintiff moved for summary judgment once on February 22, 2024 (ECF No. 11) and now styles his Opposition as another motion for summary judgment on the same grounds as his prior motion, Plaintiff is not entitled to judgment as a matter of law in this case because his own filings and evidence demonstrate that his claim is moot, as explained above and in Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 12), which is incorporated by reference herein. Moreover, Plaintiff is not entitled to summary judgment because, as explained above and in Defendants' Motion, Plaintiff's purported FOIA

claim is improper, his Complaint improperly names Agency employees as defendants, and the Court lacks subject-matter jurisdiction over this action due to Plaintiff's own failure to exhaust his administrative remedies. Accordingly, Plaintiff's request(s) for summary judgment must be denied.

## III.     CONCLUSION

For all of the reasons stated above and in Defendants' Motion (ECF No. 9) and accompanying memorandum of law (ECF No. 9-1), the Court should dismiss "Ms. Martin," Melissa Feldhan, and former SSA Commissioner Andrew Saul from this action and should further dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted or, in the alternative, enter summary judgment in favor of the Agency and against Plaintiff.

Dated: March 27, 2024                                         Respectfully submitted,

                                                              Erek L. Barron
                                                              United States Attorney

                                              By:     /s/ Megan L. Micco
                                                      Megan L. Micco (Bar No. 20936)
                                                      Assistant United States Attorney
                                                      U.S. Attorney's Office, District of Maryland
                                                      36 S. Charles Street, Suite 400
                                                      Baltimore, Maryland 21201
                                                      Telephone: (410) 209-4800
                                                      Megan.Micco@usdoj.gov

                                                      *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of March, 2024, a copy of the foregoing Reply in Support of Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment was served electronically on all parties receiving service via CM/ECF in this case.

                                        */s/ Megan L. Micco*
                                        Megan L. Micco (Bar No. 20936)
                                        Assistant United States Attorney