IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ARTHUR HAIRSTON,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. SAG-23-3455 |
| **SOCIAL SECURITY ADMINISTRATION,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Plaintiff Arthur Hairston, who is self-represented, filed this lawsuit seeking relief under the Freedom of Information Act ("FOIA") against the Social Security Administration ("SSA") and several of its employees.[1] ECF 1. The dispute concerns Plaintiff's efforts to obtain a copy of his original Benefits Planning Query ("BPQY") and award letter from 1991. *Id.* Defendants filed a motion to dismiss or for summary judgment, ECF 9, and Plaintiff filed his own motion for summary judgment, ECF 11. This Court has reviewed the motions and the associated briefing. ECF 12, 13, 17, 18. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Plaintiff's motion for summary judgment will be denied. Defendants' motion will be treated as a motion for summary judgment and will be granted.

I.   **FACTUAL BACKGROUND**

On April 8, 2020, Plaintiff received a letter from Nelnet Total and Permanent Disability Services stating that the U.S. Department of Education had denied Plaintiff's request seeking discharge of his student loans because of his total and permanent disability. ECF 13-2. The cited

---

[1] Although the Complaint also mentions the Equal Protection Clause, Plaintiff does not seek relief under that Clause. Instead, "all [he] want[s]" is relief under FOIA. ECF 1.

reason was that Plaintiff "did not provide a copy of [his] SSA notice of award for Social Security Disability Insurance (SSDI) or Supplemental Security Income (SSI) benefits stating that [his] next scheduled disability review will be within 5 to 7 years." *Id.* at 1. On April 20, 2020, in response to Plaintiff's request, SSA sent Plaintiff a letter confirming that Plaintiff "has been receiving disability since 1991," and that the SSA does "not see where [Plaintiff] is due a review in the next 5-7 years." ECF 13-6.

Plaintiff sent a letter on March 9, 2022 to the SSA office in Baltimore, Maryland, requesting his original BPQY and award letter from 1991. ECF 13-5. On June 15, 2022, the SSA responded to the request with a letter directing Plaintiff to contact his local SSA field office to request the information from his file. ECF 9-3. Plaintiff engaged in a conversation with Vanessa Jensen Martin from the Martinsburg, West Virginia SSA office in July, 2022, and followed up with a letter requesting documentation that he "no longer fall[s] under medical exams." ECF 9-3 at 6. The SSA sent Plaintiff two letters in July, 2022, indicating that he has "reached full retirement age and will no longer have medical reviews every [three] years", *id.* at 7, and that, "[d]ue to his age[,] he is not required to have a medical review at this time," *id.* at 8.

Plaintiff continued to send emails seeking his original 1991 records in June, July, August, and December, 2022. ECF 9-4 ¶ 12. He also sent another letter requesting his original BPQY letter on August 15, 2022. ECF 13-9. Plaintiff filed the instant lawsuit on December 20, 2023, naming as defendants SSA, Ms. Martin, another SSA employee, Melissa Feldman, and the former Commissioner of the SSA, Andrew Saul. ECF 1. In his Complaint, Plaintiff states, "I ask that this court order SSA to provide the document requested under the law FOIA. That's all I want." *Id.*

On February 13, 2024, after conducting a review of Plaintiff's claims folder, the Operations Supervisor of the SSA Office in Martinsburg, West Virginia sent Plaintiff a letter stating, "The

[SSA] no longer maintains your original BPQY or award notice. Enclosed is your most recent BPQY." ECF 11-1, ECF 9-6 ¶ 9. SSA's computer system indicates that Plaintiff's paper claims folder was destroyed in 2021 pursuant to the agency's document retention policy, so there are no paper claims files to search for the records. ECF 9-6 ¶ 8. Plaintiff's electronic claims folder contains no records prior to 1994, so it also does not contain the original BPQY or award letter, which were created in 1991. *Id.* There are no other locations reasonably likely to contain the records Plaintiff seeks. *Id.* ¶ 10.

## II.     LEGAL STANDARDS

Defendants have filed a motion to dismiss or, in the alternative, for summary judgment. Summary judgment typically is not granted "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the grounds that more time was needed for discovery.' " *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To present the issue, the nonmovant is typically required to file an affidavit pursuant to Federal Rule of Civil Procedure 56(d), explaining why "for specified reasons, it cannot present facts essential to justify its opposition," without further discovery. Here, no Rule 56(d) declaration has been filed. Instead, both parties have attached evidence to their filings and have sought summary judgment. *See* ECF 9, 11, 13. The facts in this case are largely uncontroverted and are memorialized by documentary evidence. Accordingly, this Court deems it appropriate to consider both parties' attachments and to treat Defendants' motion as a motion for summary judgment, despite the fact that discovery has not occurred.

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of showing that there is no genuine dispute of material facts. *See Casey v. Geek Squad Subsidiary Best Buy Stores, L.P.*, 823 F. Supp. 2d 334, 348 (D. Md. 2011) (citing *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987)). If the moving party establishes that there is no evidence to support the non-moving party's case, the burden then shifts to the non-moving party to proffer specific facts to show that a genuine issue exists for trial. *Id.* The non-moving party must provide enough admissible evidence to "carry the burden of proof in [its] claim at trial." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993)). A genuine issue of material fact cannot rest on "mere speculation, or building one inference upon another." *Miskin v. Baxter Healthcare Corp.*, 107 F. Supp. 2d 669, 671 (D. Md. 1999).

In reviewing this motion, the Court also considers Plaintiff's self-represented status. In *Bullock v. Sweeney*, 644 F. Supp. 507, 508 (N.D. Cal. 1986), the court found that a pro se plaintiff's pleadings and motions must be liberally construed. *See also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (noting that writings by self-represented complainants are held to "less stringent standards than formal pleadings drafted by lawyers"). Although the Court applies that more liberal standard in reviewing a self-represented plaintiff's response to a defendant's summary judgment motion, the plaintiff "may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue" to be tried before a jury. *Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1120 (4th Cir. 1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), *cert. denied*, 513 U.S. 813 (1994).

Moreover, a federal court may not act as an advocate for a self-represented litigant. *See Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1996); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Therefore, the court cannot "conjure up questions never squarely presented," or fashion claims for a plaintiff because he is self-represented. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *see also Maryland v. Sch. Bd.*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (unpublished) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint).

## III. ANALYSIS

Initially, this Court recognizes that Defendants have made a jurisdictional argument premised on Plaintiff's failure to exhaust administrative remedies. This Court is unpersuaded that exhaustion is a jurisdictional requirement in the context of a Privacy Act request to access (rather than amend) records. *See, e.g., Wadhwa v. Dep't of Veterans Affairs*, 342 F. App'x 860, 862–63 (3d Cir. 2009) ("There is no statutory requirement of exhaustion related to a request for access to records" under the Privacy Act, and so "[t]o the extent exhaustion of administrative remedies is required, it is not a jurisdictional prerequisite."); *Campeau v. Social Security Administration*, Civ. No. SD-13-5396, 2014 WL 12470018 (E.D. Pa. Jan. 23 2014) ("[I]n the [Privacy Act] access context, the SSA acknowledges that exhaustion is a jurisprudential, rather than a jurisdictional, requirement."). In light of that non-binding but persuasive precedent and the absence of Fourth Circuit guidance to the contrary,[2] this Court declines to dismiss the case for lack of jurisdiction and instead reaches the analysis below.

---

[2] Decades ago, the Fourth Circuit stated in a footnote that a plaintiff's "Privacy Act claim was not properly before the district court because [the plaintiff] did not first exhaust administrative remedies provided under the Privacy Act." *Pollack v. Dep't of Just.*, 49 F.3d 115, 116 n.1 (4th Cir. 1995). Although such dicta implies that administrative exhaustion is a jurisdictional requirement,

### A. Plaintiff's Claims Against Three SSA Employees

Although Plaintiff couches his claim as a Freedom of Information Act ("FOIA") claim, because he requests records from his own claims file at the SSA, his claim is governed by the Privacy Act, 5 U.S.C. § 552a. *See* 20 C.F.R. § 402.15(b) ("If you are an individual and request records, then to the extent you are requesting your own records in a system of records, [SSA] will handle your request under the Privacy Act."). The Privacy Act permits an individual to "bring a civil action against the agency" for an alleged violation. 5 U.S.C. § 552a(g)(1). Courts regularly interpret that express language to preclude civil actions against employees of an agency for such violations. *See, e.g.*, *Walker v. Gambrell*, 647 F. Supp. 2d 529, 536 (D. Md. 2009); *Nichols v. Green,* Civ. No. MGL-23-3234, 2023 WL 6619369, at *2 (D.S.C. Oct. 11, 2023); *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 853–54 (E.D. Va. 2016). Plaintiff's claims against Defendants Martin, Feldman, and Saul, who are current or former agency employees, therefore cannot stand.

### B. Plaintiff's Claims Against SSA

Initially, Plaintiff's Motion for Summary Judgment, filed on February 22, 2024, suggests that the Defendants "have not officially responded" to his Complaint and that "no one has entered an appearance in defense" of the case. ECF 11 at 1. His assertion is inaccurate, because Defendants timely filed their motion to dismiss on February 21, 2024.

Plaintiff's Motion for Summary Judgment otherwise focuses on the fact that he wants, and has repeatedly asked for, his original BPQY and award letter from 1991. The uncontroverted evidence, however, shows that SSA did not fail to comply with Plaintiff's request to access those

---

this Court finds that the statement does not sufficiently analyze the question to constitute proper guidance from the Fourth Circuit.

records. Instead, it has conducted a comprehensive search for any paper and electronic files pertaining to Plaintiff and has determined that those requested 1991 documents no longer exist.

A case becomes moot where the "issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (internal citation omitted). Plaintiff essentially received all of the relief he could obtain when SSA conducted its search for the records. *See Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) ("One such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."); *Biondo v. Dep't of the Navy*, 928 F. Supp. 626, 631 (D.S.C. 1995) (concluding that Privacy Act access action was moot because the court had "already ordered full access to the records to the extent practicable"), *aff'd*, 86 F.3d 1148 (4th Cir. 1996). Given the fact that the requested documents have been destroyed and no longer exist in the SSA's files, there is nothing this Court could order to provide the access Plaintiff seeks. In such circumstances, a request for access to records is moot. *See, e.g.*, *Haji v. Bureau of Alcohol, Tobacco, Firearms and Explosives,* Civ. No. DC-03-8479, 2004 WL 1783625, at *2–3 (S.D.N.Y. Aug. 10, 2004) (deeming a FOIA request moot where the requested documents had been housed in the World Trade Center on September 11, 2001 and had been destroyed).

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED. Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment will be treated as a motion for summary judgment and GRANTED. Judgment will be entered for Defendants and this case will be closed. A separate Order follows.

Dated: July 23, 2024    /s/
                        Stephanie A. Gallagher
                        United States District Judge