IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ARTHUR HAIRSTON, | * |
| Plaintiff, | * |
| v. | *   Case No. 1:23-cv-03455-SAG |
| SOCIAL SECURITY ADMINISTRATION, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendants, the Social Security Administration ("SSA" or the "Agency"), "Ms. Martin," Melissa Feldhan, and former SSA Commissioner Andrew Saul (collectively, "Defendants"), by and through undersigned counsel, Erek L. Barron, United States Attorney for the District of Maryland, and Megan L. Micco, Assistant United States Attorney for that District, oppose the Motion for Reconsideration (the "Motion") (ECF No. 31) filed by *pro se* Plaintiff Arthur Hairston ("Plaintiff"), and state as follows:

**I.   INTRODUCTION**

On December 20, 2023, Plaintiff filed the instant action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.[1] ECF No. 1. On February 21, 2024, Defendants filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Defendants' Dispositive

---

[1] As explained in Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, this action is governed by the Privacy Act, not the FOIA, because Plaintiff requested records from his own claim file maintained by the SSA. *See* ECF No. 9 at 8; *see also* 20 C.F.R. § 401.15(b) ("Requesting your own records. If you are an individual and request records, then to the extent you are requesting your own records in a system of records, we will handle your request under the Privacy Act.").

Motion"). ECF No. 9. On February 22, 2024, Plaintiff filed a Motion for Summary Judgment, ECF No. 11, which Defendants opposed, ECF No. 12. On March 13, 2024, Plaintiff opposed Defendants' Dispositive Motion. ECF No. 13. On July 15, 2024, the parties engaged in a confidential settlement conference, which was unsuccessful. On July 18, 2024, Plaintiff filed a "Motion and Supporting Documents in Request for Discovery for Good Cause" (the "Motion for Discovery"), to which he improperly attached confidential settlement communications exchanged between his appointed settlement conference counsel and Defendants' counsel in advance of the July 15, 2024 settlement conference. *See* ECF No. 28. On July 23, 2024, the Court issued a Memorandum Opinion and Order, which denied Plaintiff's Motion for Summary Judgment and granted Defendants' Dispositive Motion pursuant to Federal Rule of Civil Procedure ("FRCP") 56. ECF Nos. 29, 30. On July 26, 2024, Plaintiff filed the instant Motion.[2] ECF No. 31.

As explained below, Plaintiff's Motion is premised on a misunderstanding of Federal Rules of Civil Procedure 16 and 26, and it fails to meet the requisite standards for reconsideration. Accordingly, the Court should deny Plaintiff's Motion.

II.   **STANDARD OF REVIEW**

FRCP 59(e) "authorizes a district court to alter, amend, or vacate a prior judgment." *McCrea v. Wells Fargo*, No. RDB-18-2490, 2020 WL 13828617, at *1 (Apr. 6, 2020) (citing *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 571 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011)). "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

---

[2] It is unclear from the Motion which rule(s) Plaintiff moves for reconsideration under. Because FRCP 50, 52, and 54 do not apply to the circumstances of this action, Defendants construe Plaintiff's Motion as having been brought pursuant to FRCP 59(e) and 60(b).

2

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* "A Rule 59(e) motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.'" *Id.* (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

Similarly, "FRCP 60(b) explicitly provides that a court may only afford a party relief from a final judgment if one of the following is present: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief.'" *Jahn v. Tiffin Holdings, Inc.*, No. SAG-18-1782, 2020 WL 4559927, at *2 (D. Md. May 13, 2020) (quoting *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 584 (D. Md. 2018)).

As this Court (Bennett, J.) has previously recognized, "[m]otions for reconsideration are 'an extraordinary remedy which should be used sparingly.'" *Keen v. Loancare, LLC*, No. RDB-22-0149, 2023 WL 9472295, at *2 (D. Md. Dec. 21, 2023) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) and collecting other cases).

### III.  ARGUMENT

In the Motion, Plaintiff contends that the Court should reconsider and vacate its entry of summary judgment in favor of Defendants for two (2) reasons: (1) the Court did not issue a scheduling order in the case pursuant to FRCP 16; and (2) Defendants did not provide initial disclosures pursuant to FRCP 26(a)(1) to Plaintiff, nor was he able to conduct discovery, even despite filing the Motion for Discovery. *See* ECF No. 31 at 2–4. As discussed below, all of Plaintiff's contentions lack merit.

### A.  **The Court Was Not Required to Issue a Scheduling Order Pursuant to FRCP 16(b).**

First, Plaintiff asserts that it "was a clear abuse of discretion and an error of law" for the

Court not to issue a scheduling order pursuant to FRCP 16. *See id.* at 2–3. FRCP 16(b) provides, in relevant part, as follows:

> (1) *Scheduling Order.* Except in categories of actions exempted by local rule, the district judge—or a magistrate judge when authorized by local rule—must issue a scheduling order:
>
> (A) *after receiving the parties' report under Rule 26(f)*; or
>
> (B) *after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.*

Fed. R. Civ. P. 16(b)(1) (emphases added).

Here, the Court did not issue a scheduling order because, with the exception of an early settlement conference and an early Motion for Summary Judgment filed by Plaintiff, the case did not proceed past the initial responsive pleading stage and, thus, the prerequisites for issuing a scheduling order pursuant to FRCP 16(b)(1) did not occur (and did not need to occur). As discussed above, Defendants responded to Plaintiff's Complaint by filing the Dispositive Motion. ECF No. 9. Before the case could proceed for further scheduling, the Court needed to address Defendants' Dispositive Motion. By way of its July 23, 2024 Memorandum Opinion and Order (ECF Nos. 29, 30), the Court addressed both Plaintiff's Motion for Summary Judgment (ECF No. 11) and Defendants' Dispositive Motion (ECF No. 9), and ultimately granted Defendants' Dispositive Motion pursuant to FRCP 56 for the reasons stated in the Memorandum Opinion. *See* ECF No. 29. At no time did the parties submit a report to the Court pursuant to FRCP 26(f), nor did the Court hold a scheduling conference, and, in any event, such actions were unnecessary before the Court ruled on Defendants' Dispositive Motion. For these reasons, the Court was not required to issue a scheduling order in the case pursuant to FRCP 16(b).[3]

---

[3] Plaintiff also references FRCP 16(b)(2), which provides that "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge

**B.     Plaintiff Was Not Entitled to Receive FRCP 26(a)(1) Initial Disclosures from Defendants or to Conduct Any Other Discovery.**

Second, Plaintiff argues that "Rule 26 was violated by the [C]ourt and the AUSA in this case" because Defendants did not provide initial disclosures pursuant to FRCP 26(a)(1) to him and he was not permitted to conduct discovery, despite filing the Motion for Discovery. *See* ECF No. 31 at 3–4. At base, Plaintiff's argument appears to confuse FRCP 26(a)(1) initial disclosures with other forms of discovery governed by other Rules.

FRCP 26(a)(1)(A) requires that "a party must, without awaiting a discovery request, provide to other parties," certain information, including "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." *See* Fed. R. Civ. P. 26(a)(1)(A), (a)(1)(A)(ii). FRCP 26(a)(1)(C) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . ." Fed. R. Civ. P. 26(a)(1)(C).

Here, Defendants were not obligated to provide Plaintiff with initial disclosures pursuant to FRCP 26(a)(1) because the parties had not yet participated in a FRCP 26(f) conference and the Court had not otherwise ordered initial disclosures to be made. Participating in such a conference and/or ordering initial disclosures to be made would have been unfitting considering the procedural posture of the case because, as discussed above, the Court needed to rule on Defendants' Dispositive Motion before the case could proceed for further scheduling and action. As such,

---

must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Here, it was not practicable for the Court to issue a scheduling order before resolving Defendants' Dispositive Motion.

5

Plaintiff was not entitled to receive FRCP 26(a)(1) initial disclosures from Defendants.[4]

Plaintiff also appears to argue that he was entitled to conduct discovery in the case and reminds the Court that he filed the Motion for Discovery[5] prior to the Court's issuance of its July 23, 2024 Memorandum Opinion and Order. *See* ECF No. 31 at 3–4. However, discovery is the exception rather than the rule in FOIA cases. *Heily v. U.S. Dep't of Com.*, 69 F. App'x 171, 174 (4th Cir. 2003) (*per curiam*) ("It is well-established that discovery may be greatly restricted in FOIA cases. When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures."); *Justice v. I.R.S.*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011) ("In FOIA actions, however, discovery is disfavored."), *aff'd*, 485 F. App'x 439 (D.C. Cir. 2012); *Wheeler v. C.I.A.*, 271 F. Supp. 2d 132, 139 (D.D.C. 2003) ("Discovery is generally unavailable in FOIA actions."). Moreover, it is well-established that "[t]he 'scope and conduct of discovery are within the sound discretion of the district court.'"

---

[4] Moreover, to the extent Plaintiff believes or argues that FRCP 26(a)(1) would have required Defendants to provide him with a comprehensive set of documents or some other information not contemplated by the Rule, he is mistaken. FRCP 26(a)(1)(A)(ii) merely would have required Defendants to provide "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the [Defendants] ha[d] in [their] possession, custody, or control and *may [have] use[d] to support [their] claims or defenses, unless the use would be solely for impeachment*." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added).

[5] As noted above, the Motion for Discovery improperly attached confidential settlement communications exchanged between Plaintiff's appointed settlement conference counsel and Defendants' counsel in advance of the July 15, 2024 settlement conference. *See* ECF No. 28-1. Likewise, the instant Motion recites some of the information exchanged in those confidential settlement communications. *See* ECF No. 31 at 4. Pursuant to the June 6, 2024 Order Scheduling Settlement Conference issued in this case, "[t]he settlement process will be confidential, and disclosure of confidential dispute resolution communications *is prohibited*. All participants and attendees in this mediation agree that all communications related to the mediation, and *all negotiations and settlement discussions, communicated in any medium, are private and confidential*." ECF No. 24 at 3 (emphases added); *see also* 28 U.S.C. § 652(d). Accordingly, Plaintiff's submission of and reliance on such communications is inappropriate and contrary to the Order imposed by the Settlement Judge and statute, and this Court should not consider the communications.

*Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 574 n.3 (4th Cir. 2017) (quoting *Lewis v. Bloomsburg Mills, Inc.*, 608 F.3d 971, 973 (4th Cir. 1979)).  Not only was Plaintiff not entitled to discovery in this action because discovery is generally unavailable in FOIA actions and is otherwise disfavored, but in this instance, it would have been inappropriate to conduct discovery before Defendants' Dispositive Motion was ruled on, and discovery was ultimately unnecessary in light of the Court's ruling on Defendants' Dispositive Motion.[6]  Thus, Plaintiff was not entitled to conduct discovery.

### C.      Plaintiff Has Not Satisfied the Requisite Standards for Reconsideration.

As explained above, this Court's July 23, 2024 Memorandum Opinion and Order can only be altered, amended, or vacated under FRCP 59(e) in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *McCrea*, 2020 WL 13828617, at *1 (citations omitted).  Similarly, Plaintiff may only obtain relief from this Court's judgment under FRCP 60(b) "if one of the following is present: '(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reason that justifies relief.'"  *Jahn*, 2020 WL 4559927, at *2 (quoting *Carrero*, 310 F. Supp. 3d at 584).

Here, Plaintiff has not satisfied any of these requirements.  Indeed, with respect to reconsideration under FRCP 59(e), Plaintiff has not alleged or shown an intervening change in controlling law or new evidence that was not previously available.  To the extent Plaintiff contends

---

[6] Defendants further note that discovery would not been productive or efficient in this action given the undisputed evidence presented by Defendants demonstrating that the SSA complied with Plaintiff's request for records, "conducted a comprehensive search for any paper and electronic files pertaining to Plaintiff[,] and . . . determined that th[e] requested 1991 documents no longer exist." ECF No. 29 at 6–7; *see also* ECF No. 9-1 at 2–5, 12–14; ECF No. 9-6.

that the non-issuance of a scheduling order, the lack of provision of FRCP 26(a)(1) initial disclosures, or the inability to conduct discovery constitutes a "clear error of law" or "manifest injustice," Plaintiff's argument fails for the reasons explained in Sections III.A and III.B. Plaintiff has also failed to allege or show any of the requisite elements for reconsideration under FRCP 60(b). Accordingly, his Motion must be denied.

## IV.     CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Reconsideration.

Dated: August 9, 2024

Respectfully submitted,

Erek L. Barron
United States Attorney

By:   /s/ *Megan L. Micco*
Megan L. Micco (Bar No. 20936)
Assistant United States Attorney
U.S. Attorney's Office, District of Maryland
36 S. Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: (410) 209-4800
Megan.Micco@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August, 2024, a copy of the foregoing Defendants' Response in Opposition to Plaintiff's Motion for Reconsideration and all supporting documents was served electronically on all parties receiving service via CM/ECF in this case.

                                                     */s/ Megan L. Micco*
                                                    Megan L. Micco (Bar No. 20936)
                                                    Assistant United States Attorney